IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARLAND MICHAEL GREEN, | § | |
| OSCAR ROMEL HOWELL, and | § | |
| MICHAEL PATRICK HOUSTON | § | |
| | § | |
| V. | § | A-07-CA-774-LY |
| | § | |
| SHERIFF GREG HAMILTON, | § | |
| JOHN/JANE DOE PROPERTY OFFICER, | § | |
| and LT. LAURA VALLEJO #557 | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiffs' complaint. Plaintiffs, proceeding pro se, have been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time they filed their civil rights complaint, Plaintiffs Green and Howell were confined in the Travis County Correctional Complex. Plaintiff Houston previously had been confined in the Travis County Correctional Complex but has recently been transferred to the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiffs allege, while confined in the Travis County Correctional Complex, they were provided Springfresh toothpaste that had been recalled. According to Plaintiffs, the toothpaste had been introduced into the Travis County Correctional

Complex by an inmate transferred from the Williamson County Jail. Plaintiffs contends the Travis County Sheriff has a policy or custom allowing for the introduction of dangerous property from other county jails to enter Travis County facilities. Plaintiffs allege timely steps to retrieve the dangerous products were not taken. Plaintiffs maintain they were told on June 18 and 19, 2007, that they were possibly in possession of the Springfresh toothpaste. Plaintiffs conclude as a result of the use of the toothpaste, they experienced severe headaches and kidney pain. They fear they will have severe future medical problems and the fear is causing them mental pain and anguish.

Plaintiffs also allege the unknown property officer allowed inmates from Williamson County to enter the Travis County facilities with Springfresh toothpaste. Plaintiffs contend the toothpaste should have been confiscated upon its arrival to the Travis County facilities.

Plaintiffs further allege Lieutenant Vallejo, the grievance lieutenant, was the first official Plaintiffs notified about the recalled toothpaste. According to Plaintiffs, Vallejo had officers rip apart their living areas while they were in another building. Plaintiffs surmise the search was designed to intimidate the plaintiffs from pursuing a civil rights lawsuit. They further complain Vallejo's response to their grievance was not timely.

## DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Toothpaste

A conditions-of-confinement claim must satisfy tests for both objective and subjective components. For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) (citations omitted). The subjective component requires a showing of deliberate indifference to the inmates' health or safety. Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S. Ct. 1970, 1979 (1994). To establish "deliberate indifference," Plaintiffs must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994)).

Plaintiffs allegations are insufficient to show Defendants acted with deliberate indifference to their safety. They admit the Springfresh toothpaste was collected by prison officials on June 18 and 19, 2007. The Food and Drug Administration's website reveals the recall for Springfresh toothpaste was announced by American Amenities, Inc. Woodinville, Washington, by fax on June 13, 2007 and June 15, 2007, and by letter on June 18, 2007. U.S. Food and Drug Administration, http://www.fda.gov/bbs/topics/ENFORCE/2007/ENF01020.html (last visited

Sept. 18, 2007). Plaintiffs' allegations fail to show any delay on the part of Travis County officials amounted to a constitutional violation. Plaintiff's claims are patently frivolous.

  C. <u>Retaliation</u>

Plaintiffs appear to also be raising a claim of retaliation. They assert their living areas were searched after they had filed a grievance regarding the Springfresh toothpaste. To state a valid claim for retaliation under § 1983, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." <u>Id.</u> (quoting <u>Cain v. Lane</u>, 857 F.2d 1139, 1143 (5th Cir. 1988)). Finally, the retaliatory adverse act must be more than inconsequential or de minimis, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. <u>Morris v. Powell</u>, 449 F.3d 682 (5th Cir. 2006).

In this case, it cannot be said that the search of Plaintiffs' living areas is so chilling or disturbing, that it would silence a person of ordinary firmness from future First Amendment activities. <u>Id.</u> at 685-86. There is no evidence that Plaintiffs were silenced in any manner. The search of Plaintiffs' living areas was clearly a de minimis act. Moreover, the search appears to be as a result of the plaintiffs informing a jail official that they retained a tube of toothpaste as evidence. According to Plaintiffs, they mailed a tube of the toothpaste to a "power of attorney," who provided

his affidavit, stating he indeed has possession of the tube. The response to Plaintiff Green's grievance regarding the search confirmed the search was part of the investigation into his grievances.

RECOMMENDATION

It is recommended that Plaintiffs' complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiffs that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiffs from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiffs should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiffs should be warned that if Plaintiffs file more than three actions or appeals while they are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then they will be prohibited from bringing any other actions in forma pauperis unless they is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE